## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**CHARITY LAWSON, Individually, and**
**on behalf of all others similarly situated,**

      **Plaintiff,**

**v.**

                               **Civil Action No.:**

**CLEAN CITY, LTD. D/B/A PEACHES**
**OF ATLANTA, and CORNELIUS L.**     **JURY TRIAL DEMANDED**
**STEPHENS, Individually,**

      **Defendants.**

_____/

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

### I.    SUMMARY

Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees. *See, Billingsley v. Citi Trends, Inc.*, 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

1.      This case implicates an adult entertainment club which goes by the trade name of "Peaches of Atlanta."  The entities and employers implicated are, Peaches of Atlanta and Cornelius L. Stephens ("Defendants").

2.      Defendants have a longstanding policy of misclassifying their employees as independent contractors.

3.      Defendants required and/or permitted Plaintiff Charity Lawson ("Plaintiff") to work as an entertainer/dancer at their adult entertainment club in excess of forty (40) hours per week, but they refused to compensate her at the applicable minimum wage and overtime rate.   In fact, Defendants refused to compensate Plaintiff at all for the hours she worked.  Plaintiff's only compensation was in the form of tips from club patrons.

4.      Defendants' conduct violates the FLSA, which requires non-exempt employees, such as Plaintiff, to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay.  *See* 29 U.S.C. § 207(a).

5.      Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision as does Defendants' practice of siphoning away those tips to distribute to non-tip eligible employees.  *See* 29 U.S.C. §§ 203, 206.

6.      Plaintiff brings a collective action to recover the unpaid wages owed to

her and all other similarly situated employees, current and former, of Defendants who worked at Peaches of Atlanta, at any time during the three-year period before this Complaint was filed up to the present ("Class Members"). These Class Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## II.   <u>SUBJECT MATTER JURISDICTION AND VENUE</u>

7.    This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8.    Venue is proper in the Northern District of Georgia because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants' principal work site, where Plaintiff worked for extended periods of time, is located at 779 Ralph David Abernathy Blvd., Atlanta, GA 30310.

## III.   <u>PARTIES AND PERSONAL JURISDICTION</u>

9.    Plaintiff, Charity Lawson, is an individual residing in Fulton County, Georgia.

10.    The Class Members are all of Defendants' current and former entertainers/dancers who worked at Peaches of Atlanta at any time during the three years prior to the filing of this Complaint up to the present.

11.     Defendant Peaches of Atlanta is a domestic corporation doing business in Georgia for the purpose of accumulating monetary profit. This Defendant may be served through its Registered Agent as follows:

**CLEAN CITY, LTD. D/B/A PEACHES OF ATLANTA**
**C/O: Debbie Snelling, Registered Agent**
**3014 Eagle Watch Dr.**
**Woodstock, GA 30189**

12.     Defendant, Cornelius L. Stephens, is an individual residing in Georgia.  Said Defendant may be served with process at his personal residence as follows:

**CORNELIUS STEPHENS**
**2646 Miriam Lane**
**Decatur GA 30034**

13.     This Court has personal jurisdiction over this individual Defendant because he is a resident of Georgia.

## IV.   FLSA COVERAGE

14.     In an FLSA case, the following elements must be met.  "(1) [plaintiff] is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay [plaintiff] minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) *cert. denied,* 134 S. Ct. 62, (U.S. 2013).

## V.     **EMPLOYMENT RELATIONSHIP**

15.     "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *Id.* at 942 (citing 29 U.S.C. § 203(g)). "To determine if an individual is an employee, 'we look at the economic reality of all the circumstances' surrounding the activity." *Id*. (citing *Brouwer,* 139 F.3d at 819). "We refer to this test as the 'economic reality' test." *Id*. (citing *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir.1997)). "The touchstone of the economic reality test is the alleged employee's economic dependence on the employer." *Id.*

16.     Here, Defendants had the power to hire and fire Plaintiff. Defendants hold an audition for entertainers/dancers looking to be hired at the club.

17.     Defendants required Plaintiff and other entertainers/dancers to work a certain number of days during the week, including one "slow day" – a Monday or Tuesday.

18.     Defendants required Plaintiff and other entertainers/dancers to wear certain clothing on certain days of the week.

19.     Defendants determined the rate and the method of payment of all entertainers/dancers including Plaintiff.

20.    Additionally, Plaintiff and all other entertainers/dancers had to tip out certain employees at the end of their shift including but not limited to the DJ, the House Mom, and the Owner of the club.

21.    Entertainers/Dancers are an integral part of Defendants' strip club.

22.    Plaintiff and all other entertainers/dancers' job duties consisted of dancing in designated areas and performing dances for Defendants' customers at the club.  These job duties require little to no skill. [1]

23.    Defendants maintained some records regarding the time Plaintiff and all other entertainers/dancers arrived and left the club.

24.    At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

25.    Moreover, the Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee."  29 U.S.C. § 203(d).

26.    The statutory definition of "employer" includes corporate officers, participating shareholders, supervisors, managers, or other employees where that individual exercises some supervisory authority over employees and is responsible in whole or in part for the alleged violation.  *See id*.; *Reich v. Circle C. Investments, Inc*., 998 F.2d 324, 329 (5th Cir. 1993); *Donovan v. Grim Hotel Co*., 747 F.2d 966,

971-72 (5th Cir. 1984).

27.    Defendant, Cornelius L. Stephens, is the President and Manager of Peaches of Atlanta.

28.    Defendant, Cornelius L. Stephens, is involved in the day-to-day business operation of Peaches of Atlanta.

29.    Defendant, Cornelius L. Stephens, has responsibility for the supervision of the entertainers/dancers at Peaches of Atlanta.

30.    Defendant, Cornelius L. Stephens, is responsible for the compensation or lack thereof paid to entertainers/dancers at Peaches of Atlanta.

31.    Defendant, Cornelius L. Stephens, has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

32.    Additionally, Defendant, Cornelius L. Stephens, is responsible for the day-to-day affairs of the club. In particular, he is responsible for determining whether the club complies with the Fair Labor Standards Act.

33.    Defendant, Cornelius L. Stephens, controls the nature, pay structure, and employment relationship of the Plaintiff and Class Members.

34. As such, Defendant, Cornelius L. Stephens, is the employer of the Plaintiff and Class Members within the meaning of 3(d) of the FLSA, and is jointly, severally, and liable for all damages.

## VI. ENTERPRISE AND INDIVIDUAL COVERAGE

35. "The Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207(a) (1), requires an employer to pay overtime compensation to an hourly worker if the employee can establish individual coverage or enterprise coverage." *Silver v. Dr. Neal Krouse, D.O., P.A.*, 06-60634-CIV, 2007 WL 4098879 *2 (S.D. Fla. Nov. 16, 2007) (citing *Thorne v. All Restoration Svcs., Inc.,* 448 F.3d 1264, 1265 (11th Cir.2006)). "To qualify for enterprise coverage, Defendants must 'ha[ve] employees engaged in commerce or in the production of goods for commerce, or [ ] ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.'" *Id.* (citing 29 U.S.C. § 203(s)(1)(A)(i) and (ii)). "The phase 'engaged in commerce' is interpreted broadly and liberally." *Id.* (citing *Alonso v. Garcia*, 147 Fed. Appx. 815, 816 (11th Cir. 2005)).

36. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

37.   At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce.  29 U.S.C. § 203(s)(1).

38.   Specifically, Defendants' employees have sold goods—such as alcoholic beverages and a variety of foods—that have been moved or produced in interstate commerce to Defendants' patrons.  Additionally, Defendants' employees, including Plaintiff, have handled materials that have been moved or produced in interstate commerce, which were used in the course of Defendants' business operations. (i.e. Ciroc, Tequila Patron, Red Bull, Hennessy, etc.).

39.   Defendants advertise on the internet, process credit cards from out of state patrons, and sell their merchandise across state lines.

40.   Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard or five hundred thousand dollars ($500,000).

41.   At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

### VII.   <u>WAGE VIOLATIONS</u>

42.     Defendants misclassify Plaintiff and all other entertainers/dancers as independent contractors.

43.     Defendants fail to pay Plaintiff and all other entertainers/dancers they hire any compensation whatsoever.

44.     The money Plaintiff and all other entertainers/dancers receives directly from Defendants' customers are tips.

45.     Defendants siphon Plaintiff's and all other entertainers/dancers' tips by requiring them to share their tips with other employees who are not eligible to participate in a tip pool.

### VIII.   <u>FACTS</u>

46.     Plaintiff and Class Members have all been victimized by Defendants' common policy and plan to violate their rights under the FLSA by denying them minimum wage, proper overtime, and the tips they lawfully earned.

47.     Defendants operate an adult entertainment club at: **779 Ralph David Abernathy Blvd., Atlanta, GA 30310.**

48.     Defendants employ entertainers/dancers at Peaches of Atlanta.

49.     Plaintiff, Charity Lawson, is/was an entertainer/dancer at Defendants' adult entertainment club: Peaches of Atlanta.

50.   Plaintiff works(ed) on a regular basis for Defendants' club.

51.   Plaintiff began working for the Defendants in approximately June 2014.

52.   Therefore, Plaintiff has first-hand personal knowledge of the pay violations at Peaches of Atlanta.

53.   The entertainers/dancers are compensated exclusively through tips from Defendants' customers.

54.   Defendants do not pay the entertainers/dancers compensation for any hours worked at their establishments.

55.   Defendants also occasionally schedule mandatory employee meetings when Defendants' club is closed to the public, and do not compensate the entertainers/dancers for their time attending the work-related meetings.

56.   Defendants charge the entertainers/dancers monetary fines if they miss certain days at work, leave mere minutes before the club closes, miss employee meetings, etc.

57.   Defendants also require the entertainers/dancers to share their tips with employees who do not customarily and regularly receive tips, including the disc jockeys and the managers.

58.   Defendants illegally classified the entertainers/dancers as independent contractors. However, at all times, the entertainers/dancers were employees of

Defendants as that term is defined by the FLSA and relevant case law.

59.     Defendants     hire,     fire     and     supervise     the entertainers/dancers.  Defendants control the details of the entertainers/dancers' jobs, including setting the prices to charge customers for dances and imposing limitations on how to interact with the clubs' customers.

60.     Defendants also control the entertainers/dancers' appearances with respect to their attire and makeup.

64.     Defendants disciplined the entertainers/dancers by way of monetary fines for not following club rules.

62.     Defendants track the time and days the entertainers/dancers worked just as is common for typical employer-employee relationships.

63.     The following further facts demonstrate the entertainers/dancers' status as employees:

      a.     Defendants have the sole right to hire and fire the entertainers/dancers;

      b.     Defendants require most entertainers/dancers to complete an employee application as a prerequisite to their employment;

      c.     Defendants made the decision not to pay overtime;

      d.     Defendants made the decision not to compensate at the FLSA minimum wage rate;

e.   Defendants provide the entertainers/dancers with music equipment and a performing stage;

f.   Defendants control the entertainers/dancers' music;

g.   The entertainers/dancers have made no financial investment with Defendants' business;

h.   The entertainers/dancers were hired as permanent employees and have worked for Defendants for years; and

i.   Defendants supervised the entertainers/dancers.

64.   Defendants misclassified Plaintiff and Class Members as independent contractors to avoid their obligations to pay them pursuant to the FLSA.

65.   Plaintiff and Class Members are not exempt from the overtime and minimum wage requirements under the FLSA.

66.   Although Plaintiff and Class Members are required to and do in fact frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.  In fact, they receive no compensation whatsoever from Defendants and thus, Defendants violate the minimum wage requirement of the FLSA. *See* 29 U.S.C. § 206.

67.   Defendants' method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct

complied with the FLSA.   Defendants misclassified Plaintiff with the intent to avoid paying her in accordance to the FLSA.

68.   Defendants have been in the exotic dancing industry for years and are familiar with the long line of federal cases holding that entertainers/dancers in this industry are employees as that term is defined by the FLSA.

69.   Further, at all material times, Defendants have operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).  That is, Defendants perform related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc*., 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914–15 (9th Cir. 2003).

70.   Defendants have a common business purpose of for profit adult entertainment.

71.   The individually named Defendant keeps employment records for Peaches of Atlanta.

72.   The individually named Defendant has ultimate authority regarding hiring and firing employees at Peaches of Atlanta.

73.   The individually named Defendant owns and operates Peaches of Atlanta.

74.     The individually named Defendant created and implemented companywide policy of misclassifying exotic entertainers/dancers and/or entertainers/dancers/dancers as independent contractors at Peaches of Atlanta.

## IX.   COUNT ONE: VIOLATION OF 29 U.S.C. § 207

75.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

76.     Defendants' practice of failing to pay Plaintiff and Class Members time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

77.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiff.

## X.   COUNT TWO: VIOLATION OF 29 U.S.C. § 206

78.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

79.     Defendants' practice of failing to pay Plaintiff and Class Members at the required minimum wage rate violates the FLSA.  29 U.S.C. § 206.  In fact, Defendants do not compensate the exotic entertainers/dancers and/or entertainers/dancers/dancers whatsoever for any hours worked.

80.     None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants or Plaintiff.

81.     Defendants failed to keep adequate records of Plaintiff's and Class Members' work hours and pay in violation of section 211(c) of the FLSA.  *See* 29 U.S.C. § 211(c).

82.     Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

a.     The time of day and day of week on which the employees' work week begins;

b.     The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c.     An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d.     The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e.     The hours worked each workday and total hours worked each workweek;

f.     The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

g.     The total premium for overtime hours.  This amount excludes the straight-time earnings for overtime hours recorded under this

section;

h.    The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i.    The dates, amounts, and nature of the items which make up the total additions and deductions;

j.    The total wages paid each pay period; and

k.    The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

83.    Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiff and Class Members.  Because Defendants' records are inaccurate and/or inadequate, Plaintiff and Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.¸* 328 U.S. 680, 687 (1946).

## XI.    COLLECTIVE ACTION ALLEGATIONS

84.    As part of their regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and Class Members by

engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

85.   Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty.  Defendants have also denied them full compensation at the federally mandated minimum wage rate.

86.   Class Members perform or have performed the same or similar work as Plaintiff. In particular, Plaintiff and Class Members all worked as exotic entertainers/dancers and/or entertainers/dancers/dancers under the same conditions and subject to the same violations of the FLSA.

87.   Many Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

88.   Defendants have classified and continue to classify Class Members as independent contractors.

89.   Class Members are not exempt from receiving overtime pay and/or minimum wage at the federally mandated minimum wage rate under the FLSA.

90.   As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

91.     Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

92.     The experiences of Plaintiff, with respect to their pay, are typical of the experiences of Class Members.

93.     The experiences of Plaintiff, with respect to their job duties, are typical of the experiences of Class Members.

94.      The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

95.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

96.     All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

97.     Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a formula. The claims of all Class Members arise from a common nucleus of

facts.  Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

98.    The Plaintiff and the Class Members held the same job title: Entertainers/dancers/dancers and/or Entertainers/dancers.

99.    The Defendants have classified all of its entertainers/dancers as independent contractors from the beginning of their employment to the present.

100.   The individually named Defendant instituted, permitted, and/or required the policy and practice of classifying all exotic entertainers/dancers and/or entertainers/dancers/dancers at Peaches of Atlanta as independent contractors.

101.   The individually named Defendant instituted, permitted, and/or required the policy and practice of charging all exotic entertainers/dancers and/or entertainers/dancers/dancers at Peaches of Atlanta a house fee.

102.   The individually named Defendant instituted, created, and/or permitted the policy and practice of requiring all entertainers/dancers/dancers and/or exotic entertainers/dancers and/or entertainers/dancers/dancers at Peaches of Atlanta to tip out staff including the DJ.

103.   As such, the class of similarly situated Plaintiff is properly defined as follows:

**The Class Members are all of Defendants' current and former entertainers/dancers who worked at Peaches of Atlanta at any time**

**during the three (3) years before this Complaint was filed up to the present.**

## XII.   DAMAGES SOUGHT

104.   Plaintiff and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

105.   Additionally, Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

106.   Plaintiff and Class Members are also entitled to all of the misappropriated funds, including all funds that were charged as fees and penalties, and all tips that were taken.  Without repayment of such fees, Plaintiff and Class Members will not have been paid minimum wage and overtime in accordance with the FLSA.

107.   Plaintiff and Class members are also entitled to an amount equal to all of their unpaid wages and fees as liquidated damages.  29 U.S.C. § 216(b).

108.   Plaintiff and FLSA Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## XIII.   JURY DEMAND

109.   Plaintiff and Class Members hereby demand trial by jury.

## XIV.   **PRAYER**

110.     For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a.     Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half  rate;

b.     All unpaid wages at the FLSA mandated minimum wage rate;

c.     All misappropriated tips;

d.     All misappropriated funds that were labeled as fees or otherwise;

e.     An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under the FLSA;

f.     Conditional certification of this case as a class under the FSLA;

g.     Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

h.     Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Dated this 6th day of February, 2018.

<div style="margin-left:auto">

Respectfully submitted,

s/ Carlos V. Leach
Carlos V. Leach, Esq.
Ga. Bar No.: 488443
Fla. Bar No.:  540021
The Leach Firm, P.A.
1950 Lee Road, Suite 213
Winter Park, Florida 32789
Office: (407) 574-4999
Mobile: (321) 287-6021
Facsimile: (833) 423-5864
E-mail: cleach@theleachfirm.com
***Attorneys for Plaintiffs***

</div>

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel for Plaintiffs certifies that this document has been prepared in Times New Roman, 14-point font, which is one of the fonts and point selections approved by the Court in Local Rule 5.1(B).

<div style="margin-left:auto">

s/ Carlos V. Leach
Carlos V. Leach, Esq.

</div>